```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
```
UFCW LOCAL 174 COMMERCIAL PENSION FUND,

                        Plaintiffs,

                                                                 **ORDER**
              -against-                              12-CV-313 (ADS) (ARL)

TEC CAST, INC.,

                        Defendant.
```
----------------------------------------------------------------------X
```

**APPEARANCES:**

**Proskauer Rose LLP**
*Attorneys for the Plaintiff*
11 Times Square
New York, NY 10036
    By:   Anthony S. Cacace, Esq., Of Counsel

**NO APPEARANCE:**

TEC Cast, Inc.

**SPATT, District Judge.**

        On January 24, 2012, pursuant to Section 9 of the United States Arbitration Act, codified as 9 U.S.C. § 9 and Section 301(a) of the Labor Management Relations Act ("LMRA"), codified as 29 U.S.C. § 185(a), the Plaintiff UFCW Local 174 Commercial Pension Fund ("the Plaintiff") commenced this action against the Defendant TEC Cast, Inc. ("the Defendant"). The Plaintiff seeks an Order and Judgment confirming four arbitration awards dated October 4, 2011; October 27, 2011; November 30, 2011; and December 28, 2011. These arbitration awards had been awarded to the Plaintiff because of a finding that the Defendant's failure to comply with its statutory and contractual obligations to the Plaintiff arising out of a Collective Bargaining Agreement ("CBA").

On February 15, 2012, the Defendant was served with the Complaint. The Defendant did not answer. On March 22, 2012, the Plaintiff requested a certificate of default judgment and on that same date, the Clerk of the Court noted the default of the Defendant. Thereafter, on February 8, 2013, the Plaintiff moved for a default judgment against the Defendant. On February 28, 2013, the Court referred the matter to United States Magistrate Judge Arlene R. Lindsay for a recommendation as to whether the motion for a default judgment should be granted, and if so, whether damages should be awarded, including reasonable attorneys' fees and costs.

On February 11, 2013, Judge Lindsay issued a Report and Recommendation (the "Report") recommending that a default judgment be entered against the Defendant. (Report at 4.) However, Judge Lindsay also recommended that the Plaintiff's motion for an award of damages against the Defendant be denied without prejudice with leave to renew upon submission of (1) relevant documents, including a signed collective bargaining agreement between the parties for the relevant period; (2) proper affidavits and/or declarations referencing the pertinent provisions of the agreements which support an award of damages in this case; and (3) a memorandum of law outlining the factual and legal grounds for the Plaintiff's damages claim.. (Report at 7.) On July 8, 2013, the Report was served by the Plaintiff on the Defendant. To date, there have been no objections filed to the Report.

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1)(C). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)

(citing <u>Nelson v. Smith</u>, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). The Court has reviewed Judge Lindsay's Report and finds it to be persuasive and without any legal or factual errors. There being no objection to Judge Lindsay's Report, it is hereby

**ORDERED**, that Judge Lindsay's Report and Recommendation is adopted in its entirety. The Court enters a default judgment against the Defendant. The Court also denies the Plaintiff's motion for damages without prejudice with leave to renew upon submission of (1) relevant documents, including a signed collective bargaining agreement between the parties for the relevant period; (2) proper affidavits and/or declarations referencing the pertinent provisions of the agreements which support an award of damages in this case; and (3) a memorandum of law outlining the factual and legal grounds for the Plaintiff's damages claim. The Plaintiff is directed to renew their application for damages within thirty (30) days of the date of this Order.

**SO ORDERED.**

Dated: Central Islip, New York
August 6, 2013

_____/s/ Arthur D. Spatt_____
ARTHUR D. SPATT
United States District Judge